William R. Brennan, Jr., J.
In this proceeding, pursuant to article 78 of the CPLR, the petitioner prays for an order (1) granting injunctive relief, and (2) directing the revocation of a license issued to the respondent Brook Valley Taxi Service.
It is alleged that the defendant Village of Lynbrook has created two public hackstands on the Station Plaza at the Lynbrook Station of Long Island Railroad for the special benefit of the respondent Brook Valley Taxi Service to the detriment of the petitioner, a licensed operator, and a lessee of a portion of the Long Island Railroad property at said station. The petition indicates that Station Plaza is a public street, and while the municipality could designate stands for taxicabs (Village Law, § 89, subd. 18), it was not authorized to establish stands for the benefit of a particular individual (Farrell v. City of Syracuse, 137 Misc. 472; People v. Smith, 15 N. Y. S. 2d 459; People v. Greeman, 137 N. Y. S. 2d 388). This is exactly what *419 the respondent village has done in this case by posting signs at the two hackstand areas indicating that the space is reserved exclusively for Brook Valley Taxi Service. The petition is accordingly granted to the extent of directing respondents forthwith to remove the signs.
As to the request for an order directing the respondents (1) “ to remove the Brook Valley taxicab from the public streets of the Village of Lynbrook ”, and (2) “ to refrain from harassing Petitioner in the conduct of its lawful business in the Incorporated Village of Lynbrook ”, there is no factual or legal basis for such relief. The petitioner is not entitled to, nor is the respondent village authorized by statute to grant a monopoly to the petitioner. In addition, there is no factual evidence of any grievous economic loss to the petitioner, nor of any common scheme by the respondents to injure the petitioner’s business. Moreover, here, as in Hewlett Taxi Serv. Corp. v. Bennett (N. Y. L. J., Dec. 28, 1964, p. 16, col. 4) the petitioner may not question the issuance of the license to operate a taxicab to the respondent Brook Valley Taxi Service.